Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorneys for WEST ASSET MANAGEMENT, INC.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARL S. JACKSON,

Plaintiff,

vs.

WEST ASSET MANAGEMENT, INC.,

Defendant.

Case No. 14 CV 02263 JAK MAN

WEST ASSET MANAGEMENT, INC.'S RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES defendant West Asset Management, Inc., by undersigned counsel, and hereby responds to this Honorable Court's May 6, 2014 Order to Show Cause and states as follows:

**I. Introduction**

On March 17, 2014, Plaintiff In Pro Per Carl Jackson ("Plaintiff") filed a small claims action in the Superior Court of California for the County of Los Angeles for "Cal. Civ. § 1785.19(a) statutory damages" against defendant West Asset Management, Inc. ("West"). [Dkt. 1.]

On March 25, 2014, West removed this case based on federal question jurisdiction under 28 U.S.C. § 1441(a). [Dkt. 1.]

On May 6, 2014, this Honorable Court issued an Order to Show Cause as to why this action should not be remanded for lack of subject matter jurisdiction. [Dkt. 12.]

West's basis for the removal was that Plaintiff's claims, while not specifically alleged, are premised in part by a statutory cause of action that is subject to the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. 1681 *et seq*. Although Plaintiff failed to specifically refer to the FCRA in his complaint, the allegations necessarily implicate the federal claim. Specifically, Plaintiff's small claims action for "Cal. Civ. § 1785.19(a) statutory damages" is removable under the express preemption of the FCRA. *See* 15 U.S.C. § 1681t. Section 1681t preempts all state laws "inconsistent with any provision" of the FCRA. There is no exception provided for Cal. Civ. Code § 1785.19(a). 15 U.S.C. § 1681t(b).

## II. There Is Federal Question Jurisdiction

Federal district courts are granted federal question jurisdiction of all civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. An action is removable under 28 U.S.C. § 1441(b) if the district court would have had original federal question jurisdiction of the matter when filed. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). In this case, no federal claims were specifically alleged. *See Dkt. 1*. However, the facts alleged involve a claim arising under federal law, specifically, the FCRA.

West considered the fact that Plaintiff is proceeding *pro per* and that no federal statutory claim was asserted. However, Plaintiff should not be allowed to avoid federal court jurisdiction by merely omitting the applicable statute from the allegations. Moreover, Plaintiff is the master of his complaint and he can avoid

federal jurisdiction in some circumstances by relying exclusively on state law. *Duncan*, 76 F.3d at 1485. However, "a plaintiff cannot deny a defendant access to federal court if the actual nature of the complaint is federal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

In fact, "[i]n certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issue." *Id*. "The question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314. In this case, the allegations stated raise a federal issue recognized and governed exclusively by the FCRA.

> [I]f federal law completely preempts the entire subject matter, and supplants any state law claim with a federal claim, that federal claim may then be removed even though the complaint alleges only a purported state claim. No matter how pleaded in the complaint, the only viable claim in such cases is the one created under federal law.
> . . .
> [T]he preemptive force of federal law is so powerful that it displaces any state law cause of action, and leaves room only for a federal claim for purposes of the "well-pleaded complaint" rule. [*Metropolitan Life Ins. Co. v. Taylor* (1987) 481 US 58, 63–64, 107 S.Ct. 1542, 1546]
>
> In effect, what is pleaded as a state law claim is "recharacterized" as a federal claim, and as such, is removable. [*Franchise Tax Board of*

> *State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.* (1983) 463 US 1, 23–24, 103 S.Ct. 2841, 2853–2854]
>
> "Unlike ordinary preemption, which would only arise as a federal defense to a state-law claim, complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." [In re U.S. Healthcare, Inc. (3rd Cir. 1999) 193 F3d 151, 160 (emphasis added)]

*See* W. Schwarzer, Hon. A. Wallace Tashima, and Hon. James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶¶ 2:2516 & 2:2583 (The Rutter Group 2014).

Section 1785.19(a) of the California Civil Code, which relates to obtaining a credit report, is completely preempted by the FCRA. *See* 15 U.S.C. § 1681t.

The FCRA expressly provides West with a permissible purpose to access Plaintiff's credit report because a party is permitted to obtain an individual's credit information in connection with the collection of a debt. *See Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757 at *5 (N.D. Cal. 2003); *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011) (holding debt collector obtained the consumer's credit report from the credit reporting agency for a purpose authorized by the FCRA when the consumer sought credit from the creditor, which he received, and accumulated credit card debt, and it was this credit transaction which ultimately resulted in the debt collector's accessing of the consumer's credit report to collect on his delinquent accounts); *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118 (E.D. N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000) (holding that a debt collector who accesses a credit report "in the collection of a credit transaction involving [p]laintiff" has a permissible purpose under the FCRA)."

Plaintiff, a resident of Rolling Hills Estates in Palos Verdes, owes $14,854.30 from purchases he made on his Holland America Line Visa Signature credit card, issued by Barclays Bank of Delaware. Barclays placed the delinquent account with West for collection. West is permitted by the FCRA to access Plaintiff's credit report. The FCRA completely preempts Cal. Civ. Code § 1785.19(a), and therefore Plaintiff's claim is removable and this Honorable Court has federal question jurisdiction under the FCRA. *See* 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy…"

**III. Conclusion**

WHEREFORE, Defendant, West Asset Management, Inc., respectfully requests that this Honorable Court enter an order vacating its prior order for rule to show cause and allow the case to remain in federal court.

Dated: May 13, 2014

SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.
*/s/ Damian P. Richard*
Damian P. Richard
Attorney for West Asset Management, Inc.