UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-02263-DMG-SHx** | Date | June 17, 2014 |
|---|---|---|---|

| Title | *Carl S. Jackson v. West Asset Management, Inc.* | Page | 1 of 4 |
|---|---|---|---|

| Present: | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT AND DENYING MOTION TO CONSOLIDATE [Doc. ## 6, 12]**

On March 17, 2014, Plaintiff Carl S. Jackson filed a complaint in Los Angeles Superior Court against Defendant West Asset Management, Inc., for violation of California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.19(a)(1). [Doc. # 1, at 5-9.] On March 25, 2014, West Asset Management removed the case, asserting federal question jurisdiction under 28 U.S.C. § 1441(a). [Doc. # 1.] On March 28, 2014, the Court accepted reassignment of this case from the Hon. John K. Kronstadt after determining it was related to *Jackson v. Capital Management Services, L.P. et al.*, Case No. CV-13-08267-DMG(SHx). [Doc. # 8.] On March 26, 2014, West Asset Management filed a Motion to Consolidate this case with *Jackson v. Capital Management Services, L.P. et al.*, Case No. CV-13-08267-DMG(SHx). [Doc. # 6]; *see also Jackson v. Capital Management Services, L.P. et al.*, Case No. 13-CV-13-08267-DMG(SHx) [Doc. # 20].

On May 6, 2014, the Court issued an order to show cause ("OSC") to West Asset Management as to why this action should not be remanded for lack of subject matter jurisdiction due to the absence of any claims raising a federal question. [Doc. # 12.] On May 13, 2014, West Asset Management filed a response to the OSC asserting that Jackson's claim under section 1785.19(a) of the California Civil Code, which relates to access to and use of data in a credit file, is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681t, and therefore "implicates a federal claim" under Title 28, section 1441(b), of the United States Code. [Doc. # 13 at 2-4.]

In general, the plaintiff is the "master of the complaint," and may choose "not to plead independent federal claims" in a complaint based on a state law cause of action. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana ("ARCO")*, 213 F.3d 1108, 1114 (9th Cir. 2000). The Supreme Court has stated that "federal pre-emption is ordinarily a federal defense to the plaintiff's suit . . . , [and as] it does not appear on the face of a well-

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-02263-DMG-SHx** | Date | June 17, 2014 |
|---|---|---|---|
| Title | ***Carl S. Jackson v. West Asset Management, Inc.*** | Page | 2 of 4 |

pleaded complaint . . . , [it] does not authorize removal to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55, 55 (1987). The court can find federal question jurisdiction over a state law claim (1) where the state law is "completely" preempted by the federal law,[1] and (2) "where the claim is *necessarily* federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO*, 213 F. 3d at 1114 (citations omitted) (emphasis added). West Asset Management's notice of removal and response to the OSC asserts jurisdiction only on the basis of preemption.

While the FCRA does preempt state laws in specified areas, it does not preempt state laws on all the subjects it covers. *See* 15 U.S.C. § 1681t(a) (section § 1681t does not alter or affect state laws except as provided in subsections (b) and (c)); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1173 (9th Cir. 2009) (the FCRA's preemption provision does not generally preempt state law); *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1150 (C.D. Cal. 2012) (federal preemption in the FCRA is not "like a highly-contagious and fatal disease" affecting all state law claims); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 577, 46 Cal. Rptr. 2d 233, 252 (1995) ("The remedies afforded to injured consumers by CCRAA are not inconsistent with, but are in addition to, remedies provided by FCRA.").

Section 1785.19(a)(1) of the California Civil Code is not one of the subjects expressly preempted by sections 1681t(b) and 1681t(c) of the FCRA. By contrast to the subjects covered in sections 1681t(b)-(c) of the FCRA,[2] Cal. Civ. Code § 1785.19(a)(1) provides a remedy against

---

[1] *See*, *e.g., Taylor*, 481 U.S. at 65 (discussing the extent to which the Labor-Management Relations Act and the Employee Retirement Income Security Act preempt state law).

[2] Section 1681t(b) preempts state action (apart from express exceptions) relating to prescreening of consumer reports, § 1681t(b)(1)(A); action of a consumer reporting agency, § 1681t(b)(1)(B); duties of a person who takes adverse action against a consumer, § 1681t(b)(1)(C); duties of persons who use a consumer's credit report in connection with a "firm offer" of credit or insurance, § 1681t(b)(1)(D); information in consumer reports, § 1681t(b)(1)(E); responsibilities of persons who furnish information to a consumer reporting agency, § 1681(b)(1)(F); information available to victims, § 1681t(b)(1)(G); use of information for solicitation or marketing, § 1681t(b)(1)(H); requirement that users of consumer reports provide notice, § 1681t(b)(1)(I); exchange of information among people in common ownership, § 1681t(b)(2); disclosures required for credit-granting purposes, § 1681t(b)(3); frequency of disclosure, § 1681t(b)(4); and conduct required of persons who accept credit cards, for fraud alerts and identity theft, requests to truncate social security information, free annual disclosure of consumer report to consumers, consumer complaint investigations, and disposal of records, § 1681t(b)(5). Section 1681t(c) expressly preempts state law definitions of the phrase "firm offer."

Some courts have found "total preemption" by Section 1681t(b)(1)(F) of the FCRA, *see*, *e.g.*, *Mortimer v. Bank of Am., N.A.*, No. 12-01959, 2013 WL 57856, at *11 (N.D. Cal. Jan. 3, 2013), which does not appear to be implicated in this matter. Section 1681t(b)(1)(F) relates to persons who furnish information to consumer reporting agencies. West Asset Management asserts that this case is premised on the same facts as those in Case No. CV 13-

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-02263-DMG-SHx** | Date | June 17, 2014 |
| Title | *Carl S. Jackson v. West Asset Management, Inc.* | Page | 3 of 4 |

a person who has "knowingly and willfully" accessed the consumer's file in a manner not permitted by section 1785.11 of the statute.[3] Further, federal courts routinely consider pendent state law claims under section 1785.19(a), suggesting that section 1785.19(a) is not preempted by the FCRA. *See, e.g.*, *Banga v. Chevron U.S.A. Inc.*, No. 11-01498, 2013 WL 71772, *13 (N.D. Cal. Jan. 7, 2013) (granting summary judgment for defendant on plaintiff's FCRA and CCRAA claims, which included a claim under Cal. Civ. Code § 1785.19, with no mention of preemption); *Dunmore v. Cnty. of Placer*, Case No. 05-1806, 2007 WL 1217591, *1, *4-6 (E.D. Cal. Apr. 24, 2007) *report and recommendation adopted*, Case No. 05-1806-LKK , 2007 WL 1574571, *1 (E.D. Cal. May 30, 2007) (granting summary judgment to defendant on the merits of plaintiff's CCRAA claims, which included a claim for violation of section 1785.19(a))with no mention of FCRA preemption.

       Accordingly, this Court finds no basis for federal subject matter jurisdiction over Jackson's claim under Cal. Civ. Code § 1785.19(a)(1). The case is remanded to Los Angeles County Superior Court. In light of the foregoing, West Asset Management's motion to consolidate [Doc. # 6] is **DENIED** as moot.

**IT IS SO ORDERED.**

---

08267-DMG(SHx), which is based on West Asset Management's allegedly unlawful "pull" of Jackson's credit report for purposes of debt collection, in violation of section 1681t(b)(1)(F), among other laws. *See Jackson v. Capital Management Services, L.P. et al.*, Case No. CV13-08267-DMG(SHx) [Doc. ## 3, 23].

     [3] Jackson's Complaint does not specify how West Asset Management violated section 1785.19(a)(1). (*See* Doc. # 1 at 5-9.)